IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEAN KING, individually and on behalf of other similarly situated employees,<br><br>     Plaintiff,<br><br>  v.<br><br>WEST Corporation, a Delaware Corporation,<br><br>     Defendant. | 8:04CV318<br><br>MEMORANDUM AND ORDER |

  A telephonic hearing was held today before the undersigned on defendant's motion to extend the summary judgment deadline, (filing 134), and its motion to stay the summary judgment proceedings, (filing 142). The plaintiff opposes both motions.

  The plaintiff's complaint alleges the defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq ("FLSA"), by classifying nonexempt employees as exempt and, based on this improper classification, failing to pay overtime wages as required by law. The plaintiff alleges he is pursuing the case on behalf of himself and other similarly situated employees of the defendant who were or are "order specialists" or work "in other positions with ordering, data entry and/or call enter functions" at the defendant's locations nationwide. Filing 1 (complaint) at ¶ 4. The defendant's initial answer (dated August 4, 2004), and its amended answer (dated January 19, 2005), allege the plaintiff was properly classified as exempt, was not entitled to overtime pay, and the named plaintiff is not similarly situated to the group of persons he purports to represent. The defendant alleges this case cannot proceed as a class action lawsuit. See filing 11 (answer) and filing 77 (amended answer).

  The jury trial of this case was originally set to commence, at the court's call, during the week of June 20, 2005. Filing 72. This trial date was extended to September 26, 2005, (see filings 94 and 96), then to November 28, 2005, (see filings 104 and 105), and

finally to March 20, 2006 (filings 106 and 108), each time by joint motion. The parties also jointly proposed the dates outlined in the current scheduling order for progression of this case. Specifically, as relevant to the pending motions, the parties agreed to submit the class certification issues to the court by November 22, 2005, with responses due on December 14, 2005, and to file motions for summary judgment on or before December 2, 2005. This scheduling order was entered on November 1, 2005. See filings 124 and 125.

The issue currently before me is whether the defendant should be bound by the summary judgment deadline, and whether it should be required to timely respond to any motion for summary judgment filed by the plaintiff in accordance with the current deadlines. The defendant requests a continuance of the summary judgment deadline, and more importantly, a stay of the summary judgment proceedings pending resolution of the class certification question. The defendant admits that it jointly and recently proposed the deadline is now seeks to escape, but states that it initially did not anticipate waging any serious challenge to class certification. Accordignly the defendant was not initially concerned with proposing overlapping summary judgment and class certification deadlines. The defendant states, however, that its position on the class certification issue has changed. The defendant claims that through discovery, it has determined that FSLA exemptions may apply to some but not all of the one hundred seventy-seven putative plaintiffs, and therefore it now believes the putative plaintiffs are not similarly situated for the purposes class certification. The defendant states it advised the plaintiff of this developing concern as early as October 13, 2005. The defendant requests that the summary judgment proceedings be stayed until the class certification issue is resolved.

The plaintiff argues that a stay of proceedings pending class certification is unnecessary because the summary judgment and class certification motions are intertwined in that both motions will require the court to resolve whether the putative plaintiffs are "similarly situated." The plaintiff therefore claims that staying the summary judgment proceedings pending a ruling on class certification offers no benefit to either party or the court, but will prejudice the plaintiff by postponing the trial date.

What is clear from the record is that, irrespective of which motion was presented first, until very recently the parties intended to file class certification and summary judgment motions at substantially the same time for resolution by the court before the March 2006 trial date. The court would then be in the position of deciding which to rule on first, or whether to rule on them simultaneously. The defendant's motion to stay is, in essence, a claim that irrespective of any deadlines the defendant agreed to in the past, the court should rule on the class certification issue first.

The court does not condone proposing scheduling deadlines and then asking for relief from those deadlines, but irrespective of which party is at fault for the current controversy, the court's underlying focus is the just and efficient resolution of this case. The question is whether that goal is best served by ruling on the class certification question before considering summary judgment motions. Having considered the parties' arguments, I conclude the summary judgment proceedings should be stayed.

A ruling on the class certification issue will accomplish the goal of identifying precisely who the plaintiffs are and who is qualified to represent them. Based on the arguments of the parties, under the current status of the case, a pre-certification ruling in favor of the named plaintiff on his motion for summary judgment poses the risk that the court will then become entangled in determining whether, as against whatever defenses the defendant may raise, the unnamed plaintiffs are entitled to reap the benefit of that judgment. Although the plaintiff argues that the class certification and summary judgment motions should proceed in tandem because the issues are intertwined, assuming that is true, the parties need not raise these issues twice by submitting two separate and almost simultaneously filed motions. If, as the plaintiff argues, the class certification and summary judgment motions are intertwined, and a ruling on the summary judgment will resolve part of the class certification issue, then the opposite should also be true. That is, a ruling on the class certification motion should serve to resolve all or part of the plaintiff's motion for summary judgment. Finally, the plaintiff argues he will be prejudiced if trial is delayed because the summary judgment proceedings were stayed. However, depending on the

magnitude of the issues raised by the parties' motions, the extent to which the class certification order resolves the summary judgment issues, and the press of other matters in this court, the March 20, 2006 trial date may not need to be altered by staying the summary judgment proceedings. In other words, despite the stay granted by this order, the parties should continue to prepare this case for trial beginning March 20, 2006.

In the interest of judicial economy, and to secure an orderly determination of the matters in this case, I conclude the summary judgment proceedings should be stayed until the class certification issues are resolved.

IT IS THEREFORE ORDERED:

1. The defendant's motion to stay the summary judgment proceedings, filing 142, is granted, and accordingly, the defendant's motion to extend the summary judgment deadline, filing 134, is denied as moot.

2. Within fifteen days after Magistrate Judge Piester rules on the class certification issue, the parties shall meet and confer regarding the progression of the case, including the deadline for filing summary judgment motions, and shall either jointly or, if an agreement cannot be reached, severally file a report outlining the scheduling deadlines to be entered for final resolution of the case.

DATED this 1st day of December, 2005.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge