IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SEAN KING, individually and on behalf of all other similarly situated employees, | ) ) ) ) ) | 8:04CV318 |
| Plaintiffs, | ) ) | **MEMORANDUM AND ORDER** |
| vs. | ) ) | |
| WEST CORPORATION, | ) ) | |
| Defendant. | ) | |

    Plaintiffs have filed a motion (filing 126) that states, in its entirety, as follows: "By and through the undersigned attorneys, Plaintiffs bring a Motion to Exclude Portions of Expert Testimony." The motion does not state with particularity the grounds upon which it is filed, nor does it set forth the relief or order sought, as required by Federal Rule of Civil Procedure 7(b)(1) and NECivR 7.1(a). Also, no index of evidence has been filed; instead, evidence has been attached to Plaintiffs' brief, in direct contravention of NECivR 7.1(2)(B). Because of Plaintiffs' failure to observe these rudimentary rules of procedure, the motion will be denied. Even if it might be possible to root out the precise nature and extent of the motion from Plaintiffs' accompanying brief,[1] it is not the court's obligation to do so. "Judges are not like pigs, hunting for truffles buried in briefs." Cordray v. 135-80 Travel Plaza, Inc., 356 F.Supp. 2d 1011, 1014 (D. Neb. 2005), quoting United States v. Stuckey, 255 F.3d 528, 531 (8th Cir. 2001), in turn quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991).

---

[1] Although Plaintiffs characterize their filing as a Daubert motion, it appears to involve nothing more than a foundational objection to some data that were used by Defendant's expert in making calculations. This is a matter that can be taken up at trial, or else immediately before trial pursuant to a motion in limine.

Defendant meanwhile has filed a "motion to strike portion of proposed testimony of Plaintiffs' expert David D. Jones" (filing 128). The motion requests the court to "enter an order striking the bar graph and Distribution Chart produced by plaintiffs on November 7, 2005 and prohibiting any testimony regarding the average number of hours worked by plaintiffs[.]" The basis for Defendant's motion appears to be two-fold: (1) the graph and chart were produced too late; and (2) the "evidence will not be helpful to the trier of fact." The first objection is well-taken, and the motion will be granted on that basis insofar as the two documents are concerned. However, with respect to "testimony regarding the average number of hours worked by plaintiffs," the motion will be denied.

Federal Rule of Civil Procedure 26(a)(2) mandates the disclosure of "a complete statement of all opinions to be expressed [by the retained expert] and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions." The court's progression order in this case (filing 72, at paragraph 5) required Plaintiffs to make their Rule 26(a)(2) disclosure not later than 60 days prior to the date set for the completion of depositions (or, if necessary to refute the disclosed opinions of an expert for the opposing party, not later than 15 days prior to the date set for completion of depositions). The order further provided that:

> Supplementation of these [Rule 26(a)(2)] disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e).  <u>The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.</u>"

(Id., underlining in original). The deposition deadline was October 14, 2005. See filing 110.

A progression order is subject to modification under Fed. R. Civ. P. 16(b) "upon a showing of good cause," but Plaintiffs have not made such a showing here.[2] Plaintiffs merely state in their brief that "Dr. Jones drafted these documents after his deposition on his own accord because of some of the questions he was asked during his deposition." (Filing 140-1, at 3, n. 1.) While there may be circumstances that would justify Plaintiffs' expert supplementing his report after being deposed, there is no admissible evidence before the court to this effect. The challenged graph and chart therefore will be excluded.

Defendant also wants the court to prohibit Plaintiffs' expert from providing testimony about the average number of hours worked by Plaintiffs, arguing that such testimony would be irrelevant and based on unreliable information. Because the court does not understand Defendant's motion to be raising any <u>Daubert</u>-like issues, it declines to make an evidentiary ruling at this time.[3]

Accordingly,

IT IS ORDERED that:

1.  Plaintiffs' "motion to exclude portions of expert testimony" (filing 126) is denied.

---

[2] The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements. <u>Bradford v. DANA Corp.</u>, 249 F.3d 807, 809 (8th Cir. 2001).

[3] The court's standard progression order requires the early filing of a motion in limine and request for hearing where a party believes evidence must be presented under Fed. Rule Evid. 104(a), outside the presence of the jury, in order to contest the admission of expert testimony. See filing 72, at paragraph 7. Defendant's motion does not contain a hearing request, nor is it apparent that a Rule 104(a) hearing is required. Like Plaintiffs' motion, Defendant's motion appears to involve basic issues of admissibility that are more appropriately taken up at or near the time of trial.

2. Defendant's "motion to strike portion of proposed testimony of Plaintiff's expert David D. Jones" (filing 128) is granted in part and denied in part, as follows:

   a. Plaintiffs shall not be allowed to offer into evidence the bar graph and distribution chart that were produced on November 7, 2005 (filing 130, Exhibit 1, at 6-11); and

   b. In all other respects, the motion is denied.

December 21, 2005.                    BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      United States District Judge